Drake v. Mount.

---

REUBEN A. DRAKE, PLAINTIFF IN ERROR, v. DAVID H. MOUNT, DEFENDANT IN ERROR.

1. In an action brought by plaintiff to recover damages for an injury to his wagon and horses while traveling upon a public highway, by the carelessness and improper conduct of the defendant while traveling on the same public highway with his wagon and mules, if it appear that the defendant was guilty of carelessness and negligence, which resulted in the loss of one of plaintiff's horses, and the plaintiff was not guilty of any negligence or carelessness which in anywise con-

tributed to that result—the plaintiff is entitled to recover such amount of damages as will compensate him for his actual loss.

2. If defendant was guilty of no negligence, or, being guilty of it, the plaintiff was also guilty of negligence which in any degree contributed to the injury complained of, the defendant is not liable for any damage sustained.

In error to the Supreme Court.

The plaintiff declared against the defendant as follows :

Somerset county, ss.—Reuben A. Drake, the defendant in this suit, was summoned to answer unto David H. Mount, the plaintiff, in a plea of trespass on the case ; and thereupon the said plaintiff, by J. F. Hageman, his attorney, complains of the said defendant—

For that, whereas the said plaintiff heretofore, to wit, on the eighteenth day of August, A. D. eighteen hundred and sixty-five, at the township of Franklin, in the county of Somerset aforesaid, and within the jurisdiction of this court, was lawfully possessed of a certain carriage, to wit, a freight wagon of great value, to wit, of the value of one hundred dollars, and of divers horses, to wit, two certain horses, of great value, to wit, of the value of three hundred dollars, each, then and there harnessed to said wagon, and drawing the same in and along a certain public and common highway, to wit, in Franklin aforesaid, in the county aforesaid : and whereas the said defendant was also then and there possessed of a certain other wagon and of a certain pair of mules, drawing the same in and along the said common highway, and which said wagon and mules of the said defendant were then and there under the government and direction of a certain then servant of the said defendant, who was then and there driving the same in and along the said common highway, to wit, at Franklin aforesaid—nevertheless the said defendant, then and there by his said servant, so carelessly and improperly drove, governed, and directed the said wagon and mules, that, by and through the carelessness, negligence, and improper conduct of the said defendant,

by his servant in that behalf, the wagon of the said defendant, drawn by the said mules, then and there ran and struck with great violence against one of the said horses of the plaintiff, and against the said wagon of the plaintiff, and the tongue or pole of the said wagon of the defendant, with great force and violence, was forced and driven at and against and into the said last mentioned horse of the plaintiff, whereby the tongue or pole of the said wagon of the plaintiff was then and there broken and destroyed, and the said last mentioned horse of the plaintiff was then and there so much wounded and hurt that the said horse of the plaintiff, of his said wounds and injuries afterwards, to wit, on the twenty-seventh day of August aforesaid, died, to wit, in the county aforesaid, whereby the said plaintiff not only lost and was deprived of his said horse, but was forced and obliged to lay out and expend, and did actually lay out and expend a large sum of money, to wit, the sum of forty dollars, in and about the endeavoring to heal and cure the said horse of the said plaintiff of the aforesaid wounds and hurts, to wit, in the county aforesaid, to the damage of the said plaintiff five hundred dollars, and therefore he brings his suit.

The defendant pleaded the general issue.

The cause was tried at the Somerset Circuit at the Term of September, eighteen hundred and sixty-six, before his Honor, Vancleve Dalrimple, one of the Justices of the Supreme Court, and a jury. After the evidence was closed on both sides, the judge charged the jury, in substance, as follows:

This action is brought to recover damages, alleged by the plaintiff to have been sustained by him, by reason of a collision between his team and that of the defendant. His claim is that the defendant so negligently and carelessly managed his mule team that it ran away, and came in contact with the plaintiff's team of horses, standing upon the public highway, whereby one of them was killed. The damages

claimed are the value of the horse and the expense of keeping and taking care of him from the time of the injury till he died.

Negligence is said to be the want of that degree of care which a prudent man, under the circumstances surrounding him, would observe in order to prevent accident and injury. Again: negligence has been said to consist in omitting to do something that a reasonable man would do, or the doing of something that a reasonable man would not do. If in either case an injury be done to another, though unintentionally, he may recover full compensation therefor. If a man is in the exercise of due and ordinary care, he is not negligent. What is due and ordinary care must depend on the circumstances of each particular case. What would be due and ordinary care in driving a carriage along a public highway might not be so when crossing a railroad or approaching or standing at a railroad station, in close proximity to a locomotive engine and train of cars. In other words, the care must be proportioned to the danger. This is the best idea that I can give you of what the law calls negligence or want of ordinary care.

The plaintiff, in order to entitle him to recover in this action, must show that the defendant was guilty, in the management of his mule team, of such negligence or want of care as I have described.

The burthen of proof is upon the plaintiff, and unless he has satisfied you by the evidence that the defendant was guilty of that which the law terms negligence or want of care in the management and use of his team, your verdict must be for the defendant. If the defendant was not negligent he must be pronounced not guilty in this action, no matter how great the plaintiff's loss. The circumstances on which the plaintiff relies in order to make out this part of his case are the disposition of the mules, and their propensity to run away—the place where they were at the time the accident occurred—their proximity to a train of cars to which was attached a locomotive engine—their not being tied nor fast-

Drake v. Mount.

ened to a hitching-post or anything else—that the person in charge of them at the time they started had hold neither of the lines nor the bridles, nor any part of the harness—that he was at the rear of the wagon, some distance from his team, with his attention at the time attracted to the locomotive, and not to the team—that the team had already started once, and been stopped, and the attention of the driver called to the fact that it was likely to start again. On the other hand, the defendant alleges the mule team was gentle, and all the care taken against their running away which the circumstances required.

If, taking all the evidence into consideration, you are not satisfied that there was that negligence or want of care by defendant which I have defined, you need go no further in your inquiries, but must find in favor of the defendant. If, on the contrary, the evidence satisfies you that there was, under the circumstances, negligence and want of care in the management of the defendant's team, and thereby the plaintiff's horse was injured, your next inquiry will be whether the plaintiff, on his part, was guilty of negligence or want of ordinary care, which in any wise contributed to the injury. If he was, he cannot recover. The law says that although the defendant was guilty of gross negligence, whereby the plaintiff was injured, yet, if the plaintiff was guilty of any negligence or want of care which contributed to the injury, he cannot recover. No matter how gross the carelessness of the defendant; if the plaintiff was also careless, he has no lawful cause of action. The defendant contends that the plaintiff's team could, with reasonable effort and diligence, have been got out of the way between the time when the mule team became frightened and started and the time when the collision occurred. If the person in charge of the plaintiff's team could, by the exercise of reasonable care and skill, have avoided the injury, he was bound to do so. It was negligent for him to remain in the way of danger when, by the exercise of ordinary care, he could have shunned it. If, you are satisfied that there was such negligence on the part

of plaintiff's agent you must find for the defendant. But in coming to your conclusion upon this part of the case, you are to look at all the facts and circumstances which surrounded the colored man at the time of the collision. Had he time to move his team out of the way? You must consider the width of the road—the distance which the mules had to move from the place where they started to the place of the accident—that at the point of collision the canal basin was on one side, and a high bank upon the other, and that the driver did endeavor to turn his horses so as to avoid the running mules—if, as alleged by defendant, the horses were turned the wrong way, did that contribute to the injury, and was it, under the circumstances, such mismanagement and want of skill as amounted to negligence? If it was negligence, and contributed to the injury, the defendant is entitled to your verdict. In considering this part of the case, you must take into account the fact that most persons in charge of a team of valuable horses under such circumstances, with their own persons more or less endangered, would necessarily be under some agitation of mind, and make such allowance for the colored man on that account as you think right and proper. Had he time to consider and decide just what was best to do under the circumstances? If he failed to do anything which might reasonably have been done to avoid injury, and that failure contributed to the injury, it was negligence on the part of plaintiff. The defendant alleges that he is not liable in this action, because the mules were frightened and made to run away by the blowing of the whistle of the locomotive; that such blowing of the whistle then and there was louder than necessary and careless and negligent, and caused the injury; that the plaintiff is chargeable with that carelessness because he is president of the railroad company, and employs and discharges the hands. It is not pretended that the plaintiff has any control of the trains or locomotives other than such as may be incident to his office as president of the road. He is not the superintendent. In order to charge the plaintiff with

Drake v. Mount.

carelessness or negligence by reason of the blowing of the whistle, you must be satisfied that it was blown by his orders, and that the act was careless and negligent. If there is evidence in the case which satisfies you that the whistle was blown by plaintiff's orders, and that the doing so under the circumstances was careless and negligent, you must find for the defendant. You must bear in mind that railroad companies are under certain obligations to the public. Among them is that of blowing a whistle or ringing a bell, to give due warning of the approach of a train near to public highways, and as a signal that a train is about to leave a station, so that passengers and all interested may govern themselves accordingly. The signal must be loud enough to accomplish the object. It is said that the plaintiff the next day gave orders to the hands on the train or about the depot not to blow the whistle louder than necessary in future, or something of that sort. It is contended that this was an admission that the whistle was blown louder upon the day in question than necessary. It may be so, or it may have been a caution to the hands to be as careful as possible, that in the future no such accident should happen. It was perhaps a natural remark for the plaintiff to make, even though the whistle had not been blown louder than reasonable and proper. However, of that you are the judges.

If you find that the defendant was guilty of carelessness and negligence, which resulted in the loss of plaintiff's horse, and that the plaintiff was not guilty of any negligence or carelessness which in any wise contributed to that result, you will find in favor of the plaintiff such amount of damages as will compensate him for his actual loss.

Your verdict should be for the defendant, if you find that he was guilty of no negligence, or, being guilty of it, the plaintiff was also guilty of negligence which in any degree contributed to the injury complained of.

The evidence being commented upon by the counsel of the respective parties, and the court having charged the jury,

the counsel of the defendant requested the court to charge as follows:

1. If the injury to the plaintiff's horse resulted from an accident, which neither party could have avoided or prevented by the exercise of ordinary care, the plaintiff cannot recover.

2. If at the time the defendant's mules ran away, the defendant's servant was using ordinary care, the plaintiff cannot recover.

3. If at the time of the injury the defendant's servant was using ordinary care, and the plaintiff's servant did not exercise ordinary care to prevent the injury, the plaintiff cannot recover.

4. If the injury resulted from the carelessness and negligence of the servants of both defendant and plaintiff, the plaintiff cannot recover.

5. If the negligence or carelessness of the plaintiff's servant in any way concurred in producing the injury, the plaintiff cannot recover.

6. The burthen of proof is upon the plaintiff, not only to show that the injury resulted from the negligence and carelessness of the defendant's servant, but to show that it did not in any degree result from want of ordinary care and diligence on the part of plaintiff's servant.

Plaintiff must show that the injury did not arise—

1. From accident.

2. From ordinary care and diligence on his part.

3. From mutual carelessness and negligence of the parties.

4. That it was purely the result of the carelessness and negligence of the defendant.

Unless he has fully established all these propositions, he cannot recover.

That the plaintiff is responsible, so far as his claim in this case is concerned, for the carelessness (if any) of the employés on the road who blew the steam whistle which caused the

defendant's mules to start, such employé being subject to removal by the plaintiff and under his control.

That if the cars occupied the public road, and stood upon it, the loud blowing of the whistle when they started was not required by law, but was, under the circumstances, unnecessary and dangerous; and if it caused the defendant's mules to run away, and thereby injured his, the plaintiff's horse, he cannot recover.

That the first time that the plaintiff the next day gave the orders not to blow the whistle so loud when it was unnecessary, is proof to be regarded by the jury as showing that the whistle was blown carelessly and dangerously upon the occasion of the collision.

The first, second, third, fourth, and fifth above propositions were charged as correct; the sixth was refused to be charged, except as already charged, and as to the others the court declined to charge otherwise than as already charged: to which refusals to charge and to the charge of the court the defendant prays a bill of exception, and that it be sealed, and it is sealed accordingly.

V. DALRIMPLE. [L. s.]

EDW. T. GREEN,
*Att'y of defendant.*

JNO. F. HAGEMAN,
*Atty'y of plaintiff.*

The jury rendered a verdict in favor of the plaintiff for three hundred and forty-one dollars, for which sum judgment was entered in the court below, with costs.

The judgment having been removed into this court, the following errors were assigned for reversal:

1. That by the record aforesaid it appears that the judgment aforesaid was given against the said Reuben A. Drake, whereas, by the law of the land, the said judgment should have been given for the said Reuben A. Drake.

State, Wagner et al., pros., v. Jackson, Collector of Delaware.

2. That in the trial of said cause before the said jury the court admitted illegal evidence.

3. That in the trial of said cause before the said jury the court refused to admit legal evidence.

4. That the judge, at the trial of the said cause, misdirected the jury as to the law.

5. That the judgment of the said court is in other respects erroneous and contrary to law.

And there was a joinder in error.

The case came on to be heard upon the errors assigned.

For plaintiff in error, *Peter L. Voorhees.*

For defendant in error, *John F. Hageman.*

At the close of the opening argument on the part of the counsel for plaintiff in error, the court affirmed the judgment below, without calling on the counsel of the defendant to respond.

No written opinion was deliversd.

*For affirmance*—The CHANCELLOR, BEASLEY, C. J., ELMER, VREDENBURGH, BEDLE, WOODHULL, DEPUE, OGDEN, FORT, WALES, CLEMENT, VAIL, KENNEDY.    13.

*For reversal*—None.